Walter Mosley, Esq. (SBN 244169)
wm@waltermosleyesq.com
Kristen M. Tojo, Esq. (SBN 310464)
kmt@waltermosleyesq.com
Angel Ransby, Esq. (SBN 355146)
angel@waltermosleyesq.com
MOSLEY & ASSOCIATES
601 S. Figueroa Street, Suite 4400
Los Angeles, California 90017
Telephone: (213) 643-6880
Facsimile: (323) 315-4277

[*Additional counsel for Plaintiffs listed on following page*]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALGERNOD LANIER WASHINGTON, an individual; RONNEL LEVATTE, an individual; WORLD MUSIC GROUP INTERNATIONAL, LLC, a Florida limited liability corporation; BRANDON CREAR, an individual; and ALEXANDER MARTIN, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>GLORIA HALLELUJAH WOODS, an individual; MEGAN JOVON RUTH PETE, an individual; HOT GIRL MUSIC PRODUCTIONS, LLC, a | Case No. 2:24-cv-09595<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT**<br><br>**2. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**3. VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

FIRST AMENDED COMPLAINT FOR DAMAGES        CASE 2:24-CV-09595

Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; CMG ENTERPRISES II INC., a Delaware corporation; FOUNDATION ENTERTAINMENT, LLC, a CMG entity; BELCALIS MARLENIS ALMANZAR, an individual, DEANDRE CORTEZ WAY, an individual; SODMG, INC., a Delaware corporation; COLLIPARK MUSIC INC., a Georgia corporation; and DOES 1 through 20, inclusive,

                    Defendants.

(*counsel list continued*)

Sidney A. Robbins (SBN 608035)
srobbins@sarobbinslaw.com
The Law Offices of Sidney A. Robbins
196 Peachtree Street, S.W., Suite 308,
Atlanta, Georgia 30302
Telephone: (404.589.3595)

Nathan Olken, Esq. (SBN 48179)
nathan@olkenlaw.com
Olken Law, PLLC
12555 Orange Drive, #114
Davie, Florida 33330
Telephone: (954.640.8411)

Attorney for Plaintiffs

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue is proper in this judicial district under 28 U.S.C. 1391 (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff, ALGERNOD LANIER WASHINGTON, (professionally known as "Plies") (hereinafter referred to as "Plies") is and at all times relevant hereto was an American rapper, songwriter, and composer.

5. Plaintiff, RONNELL LEVATTE, (professionally known as "Big Gates") (hereinafter referred to as "Big Gates") is and at all times relevant here to was an American songwriter, composer, and producer.

6. Plaintiff, WORLD MUSIC GROUP INTERNATIONAL, LLC, (hereinafter referred to as "WMGI") is and at all times relevant hereto was a Florida limited liability corporation operating as a publishing company.

///

///

7. Plaintiff, BRANDON CREAR, (professionally known as Necronam) (hereinafter referred to as "Necronam") is and at all times relevant hereto was an American producer, composer, and songwriter.

8. Plaintiff, ALEXANDER MARTIN (hereinafter referred to as "Alexander Martin") is and at all times relevant hereto was an American composer and songwriter.

9. The term "Plaintiffs" as used hereinafter includes PLIES, BIG GATES, WMGI, NECRONAM, and ALEXANDER MARTIN, except as context dictates otherwise.

10. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant GLORIA HALLELUJAH WOODS professionally known as "GloRilla" (hereinafter referred to as "GLORILLA") was and is an American rapper and performing artist conducting substantial, continuous and systematic business in the State of California and in this judicial district.

11. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant MEGAN JOVON RUTH PETE professionally known as "Megan thee Stallion" (hereinafter referred to as "MEGAN THEE STALLION") was and is an American rapper and performing artist conducting substantial, continuous and systematic business in the State of California and in this judicial district.

12. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant HOT GIRL PRODUCTIONS, LLC (hereinafter referred

to as "HOT GIRL PRODUCTIONS") was and is Delaware limited liability company, owned by Defendant Megan thee Stallion, operating as an entertainment and music entity.

13. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant UMG RECORDINGS, INC. (hereinafter referred to as "UMG") was and is a Delaware corporation with its principal place of business being the State of California. Plaintiffs are further informed and believe and thereon allege that at all times relevant to this action, UMG was and is a media, entertainment and music company servicing artists including, but not limited to Defendants MEGAN THEE STALLION and GLORILLA.

14. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant CMG ENTERPRISES II INC, (hereinafter referred to as "CMG"), was and is a Delaware limited liability company, conducting substantial, continuous and systematic business in the State of California and in this judicial district. Plaintiffs are further informed and believe and thereupon allege that at all times relevant to this action, CMG conducts business with Defendant UMG RECORDINGS, INC. through Interscope Records, Inc., a division of UMG RECORDINGS, INC., including but not limited to the distribution of music for Defendants MEGAN THEE STALLION and GLORILLA.

15. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant FOUNDATION ENTERTAINMENT LLC, (hereinafter

referred to as "FOUNDATION ENTERTAINMENT"), was and is a CMG entity, conducting substantial, continuous and systematic business in the State of California and in this judicial district. Plaintiffs are further informed and believe and thereupon allege that at all times relevant to this action, FOUNDATION ENTERTAINMENT conducts business with Defendants CMG and UMG RECORDINGS, INC. through Interscope Records, Inc., a division of UMG RECORDINGS, INC., including but not limited to the distribution of music for Defendants MEGAN THEE STALLION and GLORILLA.

16.  Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant DEANDRE CORTEZ WAY, professionally known as Soulja Boy (hereinafter referred to "SOULJA BOY"), was and is an American rapper, producer, and performing artist conducting substantial, continuous and systematic business in the State of California and in this judicial district.

17.  Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant SODMG, Inc. was and is a Delaware corporation owned by Defendant SOULJA BOY and distributing, promoting, and/or manufacturing records for artists, including but not limited to Defendant SOULJA BOY, and conducting substantial, continuous and systematic business in the State of California and in this judicial district.

18.  Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant COLLIPARK MUSIC, INC. (hereinafter referred to as

"COLLIPARK MUSIC") was and is a Georgia corporation distributing, promoting, and/or manufacturing records for artists, including but not limited to Defendant SOULJA BOY, and conducting substantial, continuous and systematic business in the State of California and in this judicial district.

19. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant BELCALIS MARLENIS ALMANZAR professionally known as "Cardi B" (hereinafter referred to as "CARDI B") was and is an American rapper and performing artist conducting substantial, continuous and systematic business in the State of California and in this judicial district.

20. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1 to 20 and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the factiously named defendants is responsible in some manner for the acts and occurrences herein alleged, and that all defendants proximately caused Plaintiffs' damages alleged in this complaint.

21. The term "Defendants" as used hereinafter includes GLORILLA, MEG THE STALLION, HOT GIRL PRODUCTIONS, UMG, CMG, FOUNDATION ENTERTAINMENT, SOULJA BOY, SODMG, COLLIPARK MUSIC, CARDI B, and each of the Doe defendants, except as context dictates otherwise.

22. The term "CMG Entities" as used hereinafter includes Defendants CMG and FOUNDATION ENTERTAINMENT.

23. Plaintiffs are informed and believe, and thereon allege, that at all times relevant to this action, each of the Defendants was the agent, employee, and servant of each of the other Defendants, acting within the course and scope of such agency, employment, and service.

## FACTUAL ALLEGATIONS

24. Plaintiffs are authors, composers, producers, and publishers of the sound recording and underlying musical composition entitled "Me & My Goons" (the "Copyrighted Material"). Plaintiff Plies is the owner of Slip N Slide Records, Inc., and therefore, the owner of the copyright in the Copyrighted Material.

25. On or around December 15, 2008, Plies' album "Da REAList" including "Me & My Goons" was released through Slip-N-Slide Records, Inc., and exclusively licensed to Atlantic Recording Corporation. The Copyrighted Material has since enjoyed significant recognition and commercial success.

26. On or around June 15, 2009, the sound recordings and album artwork of "Da REAList" were duly registered with the Copyright Office by claimant Slip-N-Slide Records, Inc., c/o Atlantic Recording Corporation, evidenced by Registration No. SR0000656475. On or around February 20, 2013, the sound recording, performance, and production of "Da REAList" were duly registered with the Copyright Office by claimant

Slip-N-Slide Records, Inc., c/o Atlantic Recording Corporation, evidenced by Registration No. SR0000715076.

27. On or around June 10, 2010, Defendant Soulja Boy released the song titled, "Pretty Boy Swag" (the "Infringing Work #1") performed by Soulja Boy and distributed, publicly performed, and promoted by Defendants UMG, ColliPark Music, and SODMG.

28. Infringing Work #1 incorporates substantial incorporates substantial elements of the Copyrighted Material underlying "Me & My Goons," and interpolated, replayed, and/or reproduced distinctive and protected elements of the underlying Copyrighted Material, including its melody, rhythm, and/or lyrics.

29. Upon information and belief, in or around 2024, Defendant Soulja Boy authorized Megan thee Stallion and GloRilla to sample the Infringing Work #1.

30. On or around April 5, 2024, Defendants Megan thee Stallion and GloRilla released a song titled "Wanna Be" (the "Infringing Work #2") performed by GloRilla featuring Megan thee Stallion. Infringing Work #2 was released through UMG and CMG Entities, and has been distributed, performed, and promoted across various platforms, including but not limited to streaming services, digital downloads, and public performances.

31. The Infringing Work #2 incorporates substantial elements of the Copyrighted Material underlying "Me & My Goons," without authorization from Plaintiffs.

///

32. The Defendants unlawfully sampled, interpolated, replayed, and/or reproduced distinctive and protected elements underlying the Copyrighted Material, including its melody, rhythm, and/or lyrics.

33. On or around May 31, 2024, Defendants Megan thee Stallion, GloRilla, and Cardi B released a remix of Infringing Work #2 titled "Wanna Be Remix" ("Infringing Work #3") through UMG and CMG Entities, which has been distributed, performed, and promoted across various platforms, including but not limited to streaming services, digital downloads, and public performances.

34. The Infringing Work #3 again incorporates substantial elements of the Copyrighted Material underlying "Me & My Goons," without the authorization from Plaintiffs.

35. The Plaintiffs never granted any license, permission, or authorization to the Defendants to use any portion of the Copyrighted Material in Infringing Work #1, Infringing Work #2, nor Infringing Work #3.

36. Upon information and belief, the Defendants had access to and were aware of the Copyrighted Material before creating and releasing Infringing Work #1, Infringing Work #2, and Infringing Work #3. The similarity between the Copyrighted Material and Infringing Work #1, Infringing Work #2, and Infringing Work #3 is so substantial that it cannot be attributed to coincidence.

///

37. Despite knowing that the Plaintiffs hold the exclusive rights to the Copyrighted Material the Defendants released the Infringing Work #1, Infringing Work #2, and Infringing Work #3 to the public without seeking permission or crediting the Plaintiffs.

38. After being made aware of the infringement through communications from Plaintiffs' legal representatives, the Defendants have failed to take corrective actions, including offering compensation, credit, or otherwise resolving the matter.

39. The Defendants' continued use and exploitation of the Infringing Work constitutes a knowing and intentional violation of the Plaintiffs' copyright.

40. As a direct and proximate result of the Defendants' unauthorized use of the Copyrighted Material, Plaintiffs have suffered and continue to suffer significant harm. This harm includes, but is not limited to: loss of income and royalties that would have been due if the Defendants had properly licensed the use of the Copyrighted Material, damage to the Plaintiffs' reputation and goodwill in the music industry, as their creative contributions have been exploited without acknowledgment, and the dilution of the value of the Copyrighted Material, as it has been associated with another work without the Plaintiffs' consent.

///

///

# FIRST CLAIM FOR RELIEF

# FOR COPYRIGHT INFRINGEMENT

# AGAINST ALL DEFENDANTS

41. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

42. Defendants, without authorization from Plaintiffs, reproduced, distributed, and/or publicly performed the Copyrighted Material by creating and distributing a sound recording that embodied the Copyrighted Material underlying the registered sound recording.

43. Such actions constitute a violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106.

44. Upon information and belief, Defendants' actions were willful, deliberate, and in conscious disregard of Plaintiffs' rights, as Defendants knew or should have known that the Copyrighted Material was protected by copyright.

45. As a direct and proximate result of Defendants' infringement, the Plaintiffs have suffered damages, including but not limited to lost profits, loss of licensing fees, and harm to the market value of the composition.

46. Plaintiffs seek an award of actual damages and profits attributable to the infringement, or statutory damages under 17 U.S.C. § 504(c), as well as injunctive relief, attorneys' fees, and costs under 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

## FOR CONTRIBUTORY

## COPYRIGHT INFRINGEMENT

## AGAINST ALL DEFENDANTS

47. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

48. Defendants knew or had reason to know that the Infringing Work contained the Plaintiffs' Copyrighted Material underlying the registered sound recording.

49. Defendants materially contributed to the infringement by distributing, promoting, or enabling the reproduction or public performance of the Infringing Work. These actions facilitated, encouraged, and induced the infringement of the Copyrighted Material.

50. As a direct and proximate result of Defendants' contributory infringement, Plaintiffs have suffered damages including but limited to lost profits, loss of licensing fees, and harm to the market value of the Copyrighted Material.

51. Plaintiffs seek an award of actual damages and profits attributable to the contributory infringement, or statutory damages under 17 U.S.C. § 504(c), as well as injunctive relief, attorneys' fees, and costs under 17 U.S.C. § 505.

///

///

# THIRD CLAIM FOR RELIEF

# FOR COPYRIGHT INFRINGEMENT

# AGAINST ALL DEFENDANTS

52. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

53. Defendants had the right and ability to supervise or control the infringing activity related to the creation, distribution, and/or public performance of the Infringing Work that embodied Plaintiff's Copyrighted Material underlying the registered sound recording.

54. Defendants directly benefited financially from the infringing activities by receiving revenue from the sale, distribution, or public performance of the Infringing Work.

55. As a direct and proximate result of Defendants vicarious infringement, Plaintiff has suffered damages including but not limited to lost profits, loss of licensing fees, and harm to the market value of the Copyrighted Material.

56. Plaintiffs seek an award of actual damages and profits attributable to the vicarious infringement or statutory damages under 17 U.S.C. § 504(c), as well as injunctive relief, attorneys' fees, and costs under 17 U.S.C. § 505.

///

///

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek judgment against Defendants and each of them, in an amount according to proof as follows:

57. For a finding that Defendant have directly infringed Plaintiff's copyright in the Copyrighted Material under 17 U.S.C. § 501;

58. For a finding that Defendants have contributorily infringed Plaintiffs' copyright in the Copyrighted Material under 17 U.S.C. § 501;

59. For a finding that Defendants have vicariously infringed Plaintiffs' copyright in the Copyrighted Material under 17 U.S.C. § 501;

60. For preliminary and permanent injunctive relief enjoining Defendants, and all persons acting in concert or participation with Defendants, from further infringing Plaintiff's copyright in the Copyrighted Material pursuant to 17 U.S.C. § 502;

61. For an award of actual damages suffered by Plaintiffs as a result of Defendants' unlawful conduct, including all profits attributable to the infringement, in an amount to be proven at trial, pursuant to 17 U.S.C. § 504(b) or in the alternative, for an award of statutory damages pursuant to 17 U.S.C. § 504(c), up to the maximum amount allowable by law for each act of infringement, including enhanced damages for willful infringement;

62. For reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

63. For costs of suit incurred herein;

64. For an award of pre-judgment and post-judgment interest on any monetary award as permitted by law; and

65. For such other and further relief as the court deems just and proper.

DATED: December 30, 2024                **MOSLEY AND ASSOCIATES**

By: /s/ Walter Mosley
Walter Mosley, Esq.
Kristen M. Tojo, Esq.
Angel Ransby, Esq.
Attorneys for Plaintiffs

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury in the above matter.

DATED: December 30, 2024                **MOSLEY AND ASSOCIATES**

By: /s/ Walter Mosley
Walter Mosley, Esq.
Kristen M. Tojo, Esq.
Angel Ransby, Esq.
Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28