Walter Mosley, Esq. (SBN 244169)
wm@waltermosleyesq.com
Angel Ransby, Esq. (355146)
angel@waltermosleyesq.com
MOSLEY & ASSOCIATES
601 S. Figueroa Street, Suite 4400
Los Angeles, California 90017
Telephone: (213) 643-6880
Facsimile: (323) 315-4277

[*Additional counsel for Plaintiffs listed on following page*]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLIP N SLIDE RECORDS, INC., a Florida corporation; ALGERNOD LANIER WASHINGTON, an individual; RONNEL LEVATTE, an individual; WORLD MUSIC GROUP INTERNATIONAL, LLC, a Florida limited liability corporation; BRANDON CREAR, an individual; and ALEXANDER MARTIN, an individual; | Case No. 2:24-cv-09595 **SECOND AMENDED COMPLAINT FOR DAMAGES FOR:** **1. COPYRIGHT INFRINGEMENT** **2. CONTRIBUTORY COPYRIGHT INFRINGEMENT** |
| Plaintiffs, v. | **3. VICARIOUS COPYRIGHT INFRINGEMENT** |
| GLORIA HALLELUJAH WOODS, an individual; MEGAN JOVON RUTH PETE, an individual; HOT GIRL MUSIC PRODUCTIONS, LLC, a | **4. UNJUST ENRICHMENT** **DEMAND FOR JURY TRIAL** |

1  Delaware limited liability company;
2  UMG RECORDINGS, INC., a Delaware
   corporation; CMG ENTERPRISES II
3  INC., a Delaware corporation;
4  FOUNDATION ENTERTAINMENT,
5  LLC, a CMG entity; BELCALIS
   MARLENIS ALMANZAR, an
6  individual, DEANDRE CORTEZ WAY,
7  an individual; SODMG, INC., a
8  Delaware corporation; COLLIPARK
9  MUSIC INC., a Georgia corporation; and
   DOES 1 through 20, inclusive,
10
11                                Defendants.
12
13
14  *(counsel list continued)*
15
16  Sidney A. Robbins (SBN 608035)
    srobbins@sarobbinslaw.com
17  The Law Offices of Sidney A. Robbins
18  196 Peachtree Street, S.W., Suite 308,
19  Atlanta, Georgia 30302
    Telephone: (404.589.3595)
20
21  Nathan Olken, Esq. (SBN 48179)
22  nathan@olkenlaw.com
23  Olken Law, PLLC
24  12555 Orange Drive, #114
    Davie, Florida 33330
25  Telephone: (954.640.8411)
26
27  Attorney for Plaintiffs
28

SECOND AMENDED COMPLAINT FOR DAMAGES                    CASE NO. 2:24-CV-09595

:

## JURISDICTION AND VENUE

1.     This is an action for copyright infringement action arising under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*., and related claims of unjust enrichment.

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b), and this Court's pendent jurisdiction.

3.     This Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367 because these claims are so related to the claims under federal law that they form part of the same or controversy and derive from a common nucleus of operative facts.

4.     Venue is proper in this judicial district under 28 U.S.C. 1391 (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5.     Plaintiff, SLIP N SLIDE RECORDS, INC., (hereinafter referred to as "SLIP N SLIDE") is and at all times relevant hereto is a Florida corporation operating as a record label representing and servicing a roster of performing artists, producers, and composers/writers.

6.     Plaintiff, ALGERNOD LANIER WASHINGTON, (professionally known as "Plies") (hereinafter referred to as "Plies") is and at all times relevant hereto was an American rapper, songwriter, and composer.

7.     Plaintiff, RONNELL LEVATTE, (professionally known as "Big Gates") (hereinafter referred to as "Big Gates") is and at all times relevant here to was an American songwriter, composer, and producer.

8.     Plaintiff, WORLD MUSIC GROUP INTERNATIONAL, LLC, (hereinafter referred to as "WMGI") is and at all times relevant hereto was a Florida limited liability corporation operating as a publishing company.

:

9.     Plaintiff, BRANDON CREAR, (professionally known as Necronam) (hereinafter referred to as "Necronam") is and at all times relevant hereto was an American producer, composer, and songwriter.

10.     Plaintiff, ALEXANDER MARTIN (hereinafter referred to as "Alexander Martin") is and at all times relevant hereto was an American composer and songwriter.

11.     The term "Plaintiffs" as used hereinafter includes SLIP N SLIDE, PLIES, BIG GATES, WMGI, NECRONAM, and ALEXANDER MARTIN, except as context dictates otherwise.

12.     Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant GLORIA HALLELUJAH WOODS professionally known as "GloRilla" (hereinafter referred to as "GLORILLA") was and is an American rapper and performing artist conducting substantial, continuous and systematic business in the State of California and in this judicial district.

13.     Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant MEGAN JOVON RUTH PETE professionally known as "Megan thee Stallion" (hereinafter referred to as "MEGAN THEE STALLION") was and is an American rapper and performing artist conducting substantial, continuous and systematic business in the State of California and in this judicial district.

14.     Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant HOT GIRL PRODUCTIONS, LLC (hereinafter referred to as "HOT GIRL PRODUCTIONS") was and is Delaware limited liability company, owned by Defendant Megan thee Stallion, operating as an entertainment and music entity.

15.     Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant UMG REOCRDINGS, INC. (hereinafter referred to as "UMG") was and is a Delaware corporation with its principal place of business being the State of California. Plaintiffs are further informed and believe and thereon allege that at all times relevant to this action, UMG was and is a media, entertainment and music

-4-

company servicing artists including, but not limited to Defendants MEGAN THEE STALLION and GLORILLA.

16.    Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant CMG ENTERPRISES II INC, (hereinafter referred to as "CMG"), was and is a Delaware limited liability company, conducting substantial, continuous and systematic business in the State of California and in this judicial district. Plaintiffs are further informed and believe and thereupon allege that at all times relevant to this action, CMG conducts business with Defendant UMG RECORDINGS, INC. through Interscope Records, Inc., a division of UMG RECORDINGS, INC., including but not limited to the distribution of music for Defendants MEGAN THEE STALLION and GLORILLA.

17.    Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant FOUNDATION ENTERTAINMENT LLC, (hereinafter referred to as "FOUNDATION ENTERTAINMENT"), was and is a CMG entity, conducting substantial, continuous and systematic business in the State of California and in this judicial district. Plaintiffs are further informed and believe and thereupon allege that at all times relevant to this action, FOUNDATION ENTERTAINMENT conducts business with Defendants CMG and UMG RECORDINGS, INC. through Interscope Records, Inc., a division of UMG RECORDINGS, INC., including but not limited to the distribution of music for Defendants MEGAN THEE STALLION and GLORILLA.

18.    Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant DEANDRE CORTEZ WAY, professionally known as Soulja Boy (hereinafter referred to "SOULJA BOY"), was and is an American rapper, producer, and performing artist conducting substantial, continuous and systematic business in the State of California and in this judicial district.

19.    Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant SODMG, Inc. was and is a Delaware corporation owned

by Defendant SOULJA BOY and distributing, promoting, and/or manufacturing records for artists, including but not limited to Defendant SOULJA BOY, and conducting substantial, continuous and systematic business in the State of California and in this judicial district.

20.    Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant COLLIPARK MUSIC, INC. (hereinafter referred to as "COLLIPARK MUSIC") was and is a Georgia corporation distributing, promoting, and/or manufacturing records for artists, including but not limited to Defendant SOULJA BOY, and conducting substantial, continuous and systematic business in the State of California and in this judicial district.

21.    Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant BELCALIS MARLENIS ALMANZAR professionally known as "Cardi B" (hereinafter referred to as "CARDI B") was and is an American rapper and performing artist conducting substantial, continuous and systematic business in the State of California and in this judicial district.

22.    Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1 to 20 and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the factiously named defendants is responsible in some manner for the acts and occurrences herein alleged, and that all defendants proximately caused Plaintiffs' damages alleged in this complaint.

23.    The term "Defendants" as used hereinafter includes GLORILLA, MEG THE STALLION, HOT GIRL PRODUCTIONS, UMG, CMG, FOUNDATION ENTERTAINMENT, SOULJA BOY, SODMG, COLLIPARK MUSIC, CARDI B, and each of the Doe defendants, except as context dictates otherwise.

:

24.     The term "CMG Entities" as used hereinafter includes Defendants CMG and FOUNDATION ENTERTAINMENT.

25.     Plaintiffs are informed and believe, and thereon allege, that at all times relevant to this action, each of the Defendants was the agent, employee, and servant of each of the other Defendants, acting within the course and scope of such agency, employment, and service.

## **FACTUAL ALLEGATIONS**

26.     Plaintiff Slip N Slide is the copyright claimant of the subject sound recording "Me and My Goons" (the "Sound Recording Copyright"). Plaintiffs Plies, Big Gates, WMGI, Necronam, and Alexander Martin are the beneficial owners of the Sound Recording Copyright.

27.     Plaintiffs Plies, Big Gates, WMGI, Necronam, and Alexander Martin are authors, composers, producers, and publishers of the underlying musical composition of the Sound Recording Copyright.

28.     On or around December 15, 2008, Plies' album "Da REAList" including "Me & My Goons" was released through Slip-N-Slide Records, Inc., and exclusively licensed to Atlantic Recording Corporation. "Me and My Goons" has since enjoyed significant recognition and commercial success.

29.     On or around June 15, 2009, the sound recordings and album artwork of "Da REAList" were duly registered with the Copyright Office by claimant Slip-N-Slide Records, Inc., c/o Atlantic Recording Corporation, evidenced by Registration No. SR0000656475. On or around February 20, 2013, the sound recording, performance, and production of "Da REAList" were duly registered with the Copyright Office by claimant Slip-N-Slide Records, Inc., c/o Atlantic Recording Corporation, evidenced by Registration No. SR0000715076.

///

:

30.     Upon information and belief, on or around June 10, 2010, Defendant UMG and Collipark Music released, distributed, marketed, and promoted the song titled, "Pretty Boy Swag" performed by Defendant Soulja Boy (the "Subject Sound Recording").

31.     Without consent or authorization, Defendants Soulja Boy, SODMG, UMG, and Collipark utilized distinctive, original elements of the master recording "Me & My Goons," including the sound, notes, arrangement, and pattern of synthesizers protected by the Sound Recording Copyright, as well as elements of the original underlying composition created by Plaintiffs Plies, Big Gates, WMGI, Necronam, and Alexander Martin.

32.     Defendants Soulja Boy, SODMG, UMG, and Collipark failed and refused to credit or compensate Plaintiffs in any respect. Upon information and belief, Defendants Soulja Boy, SODMG, UMG, and Collipark continue to receive revenue generated from the exploitation of the Subject Sound Recording.

33.     Upon information and belief, in or around 2024, Defendant Soulja Boy authorized Defendant GloRilla, UMG, and CMG Entities to sample the Subject Sound Recording, including copyrightable elements protected by the Plaintiffs' Sound Recording Copyright and original elements of the underlying composition created by the Plaintiffs Plies, Big Gates, WMGI, Necronam, and Alexander Martin.

34.     On or around April 5, 2024, Defendants UMG and CMG Entities released, distributed, marketed, and promoted the song "Wanna Be" performed by GloRilla and Megan thee Stallion (the "Infringing Work"). Infringing Work has been exploited, distributed, performed, and promoted across various platforms, including but not limited to streaming services, digital downloads, and public performances.

35.     Without authorization or consent, compensation, or credit to the Plaintiffs, the Infringing Work copies substantial copyrightable elements protected by the Plaintiffs' Sound Recording Copyright and incorporates original elements of the underlying

composition created by Plaintiffs Plies, Big Gates, WMGI, Necronam, and Alexander Martin.

36.    The Infringing Work is made up of a significant portion of the copyrightable elements of Plaintiff's Sound Recording Copyright.

37.    Defendant GloRilla, UMG, CMG Entities, unlawfully copied, sampled, interpolated, publicly performed, and reproduced distinctive and protected elements of the Sound Recording Copyright, including but not limited to the synthesizer structure, pattern, pitch, and sound.

38.    Upon information and belief, Defendants GloRilla, Megan thee Stallion, Hot Girl Productions, UMG, and CMG Entities continue to receive revenue generated from the exploitation of the Infringing Work.

39.    On or around May 31, 2024, Defendants UMG and CMG Entities released, marketed, and promoted a remix of Infringing Work #2 titled "Wanna Be Remix" ("Infringing Work #2") performed by Defendant GloRilla, Megan the Stallion, and Cardi B, and distributed across various platforms, including but not limited to streaming services, digital downloads, and public performances.

40.    Without authorization or consent, compensation, or credit to the Plaintiffs, Infringing Work #2 copies substantial copyrightable elements protected by the Plaintiffs' Sound Recording Copyright and incorporates original elements of the underlying composition created by Plaintiffs Plies, Big Gates, WMGI, Necronam, and Alexander Martin.

41.    Defendant GloRilla, UMG, CMG Entities, unlawfully copied, sampled, interpolated, publicly performed, and reproduced distinctive and protected elements of the Sound Recording Copyright, including but not limited to the synthesizer structure, pattern, pitch, and sound.

///

42.     Upon information and belief, Defendants GloRilla, Megan thee Stallion, Hot Girl Productions, Cardi B, UMG, and CMG Entities continue to receive revenue generated from the exploitation of the Infringing Work.

43.     Plaintiffs never granted any license, permission, or authorization to any of the Defendants to use any portion of the Sound Recording Copyright, or the underlying composition of "Me and My Goons" created by Plaintiffs Plies, Big Gates, WMGI, Necronam, and Alexander Martin. Plaintiffs never granted any of the Defendants any exclusive rights to the Sound Recording Copyright such as the rights to reproduction, distribution, performance, and creation of derivative works.

44.     As a direct and proximate result of Defendants Soulja Boy, SODMG, Collipark, and UMG's unjust enrichment of profits and revenues generated from the use and exploitation of Plaintiff's copyrighted work (Sound Recording Copyright) and unauthorized use of underlying composition in the Subject Sound Recording, Plaintiffs have suffered and continue to suffer significant harm.

45.     As a direct and proximate result of Defendants Megan thee Stallion, Hot Girl Productions, and Cardi B's unjust enrichment of profits and revenues generated from the use and exploitation of Plaintiffs' copyrighted work (Sound Recording Copyright) and the unauthorized use of Plaintiff's underlying composition in the Infringing Work, Plaintiffs have suffered and continue to suffer significant harm.

46.     As a direct and proximate result of Defendant GloRilla, UMG, and CMG Entities' unauthorized use of the copyrighted material protected by the Sound Recording Copyright, Plaintiffs have suffered and continue to suffer significant harm. This harm includes, but is not limited to: loss of income and royalties that would have been due if the Defendants had properly licensed the use of the Copyrighted Material, damage to the Plaintiffs' reputation and goodwill in the music industry, as their creative contributions have been exploited without acknowledgment, and the dilution of the value of the

copyrighted material protected by the Sound Recording Copyright, as it has been associated with another work without the Plaintiffs' consent.

## FIRST CLAIM FOR RELIEF
## FOR COPYRIGHT INFRINGEMENT
### (*Against Defendants GloRilla, UMG, And CMG Entities*)

47.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

48.    Pursuant to Section 501(b) of the 1976 Copyright Act "the legal or beneficial owner of an exclusive right under a copyright" is entitled to sue for infringement. 17 U.S.C. § 501(b). The legislative history accompanying the Act provides that a "'beneficial owner' for this purpose would include, for example, an author who had parted with legal title to the copyright in exchange for percentage royalties based on sales or license fees." 17 U.S.C. § 501(b), H.R. Rep. No. 1476, 94th Cong., 2d Sess. 159, reprinted in 1976 U.S. Code Cong. & Ad. News 5659, 5775.

49.    Plaintiff Slip N Slide is the copyright claimant of the Sound Recording Copyright. Plaintiffs Plies, Big Gates, WMGI, Necronam, and Alexander Martin are the beneficial owners of the Sound Recording Copyright by virtue of 17 U.S.C.S. § 501(b), and on the basis that Plaintiffs are entitled to sue for infringement.

50.    Defendants, without authorization from Plaintiffs, reproduced, distributed, and publicly performed the Sound Recording Copyright by creating, distributing, and exploiting the Infringing Work embodying the copyrighted elements protected by the Sound Recording Copyright, including but not limited to the synthesizer arrangement, structure, pattern, pitch, and sound. Such actions constitute a violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106.

51.    Upon information and belief, Defendants' have unlawfully derived and continue to derive income and profits from the infringing acts aforementioned.

:

52.    Upon information and belief, Defendants' actions have been willful, intentional, and purposeful, and in conscious disregard of and indifference to Plaintiffs' rights, as evidenced by the magnitude of Defendants' infringements.

53.    As a direct and proximate result of Defendants' infringement, the Plaintiffs have suffered and continue to suffer damages, including but not limited to lost profits, loss of licensing fees, and harm to the market value of the "Me and My Goons" sound recording and underlying composition.

54.    Plaintiffs seek an award of actual damages and profits attributable to the infringement, or statutory damages under 17 U.S.C. § 504(c), as well as injunctive relief, attorneys' fees, and costs under 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## FOR CONTRIBUTORY
## COPYRIGHT INFRINGEMENT
### (*Against Defendants UMG And CMG Entities*)

55.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

56.    Defendants UMG and CMG Entities knew or had reason to know of the Defendants infringing activities, and that the Infringing Work and Infringing Work #2 embodied protectable elements of the Sound Recording Copyright.

57.    Defendants materially contributed to, facilitated, encouraged, and induced the infringement of the Sound Recording Copyright by distributing, promoting, and enabling the sale, public performance, reproduction, and exploitation of the Infringing Work and Infringing Work #2.

58.    As a direct and proximate result of Defendants' contributory infringement, Plaintiffs have suffered damages including but limited to lost profits, loss of licensing fees, and harm to the market value of the Sound Recording Copyright.

-12-

59.    Plaintiffs seek an award of actual damages and profits attributable to the contributory infringement, or statutory damages under 17 U.S.C. § 504(c), as well as injunctive relief, attorneys' fees, and costs under 17 U.S.C. § 505.

## THIRD CLAIM FOR RELIEF
## FOR VICARIOUS COPYRIGHT INFRINGEMENT
### (*Against Defendants UMG And CMG Entities*)

60.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

61.    At all relevant times, Defendants UMG and CMG Entities had the right and ability to supervise or control the infringing activity of Defendant GloRilla, UMG, and CMG Entities and third parties related to the creation, distribution, exploitation, public performance of the Infringing Work and Infringing Work #2 which embody the copyrighted materials protected by the Sound Recording Copyright. Defendants failed to exercise the right and ability to supervise and prevent the infringing activity.

62.    Defendants UMG and CMG Entities directly benefited and continue to benefit financially from the infringing activities by receiving revenue from the exploitation, sale, distribution, or public performance of the Infringing Work and Infringing Work #2.

63.    As a direct and proximate result of Defendants UMG and CMG Entities vicarious infringement, Plaintiffs have suffered damages including but not limited to lost profits, loss of licensing fees, and harm to the market value of the Plaintiff's Sound Recording Copyright.

64.    Plaintiffs seek an award of actual damages and profits attributable to the vicarious infringement or statutory damages under 17 U.S.C. § 504(c), as well as injunctive relief, attorneys' fees, and costs under 17 U.S.C. § 505.

///

:

# FOURTH CLAIM FOR RELIEF
## FOR UNJUST ENRICHMENT
### (*Against Defendants Soulja Boy, SODMG, Collipark, UMG*
### *Megan thee Stallion, Hot Girl Productions, and Cardi B*)

65.    Defendants Soulja Boy, SODMG, Collipark, and UMG received and continue to receive a benefit that would not otherwise have been gained had they not misappropriated or unlawfully incorporated the elements of Me & My Goons, protected by the Sound Recording Copyright and elements of the underlying composition, in the Subject Sound Recording.

66.    Defendants Megan thee Stallion, Hot Girl Productions, and Cardi B received a benefit that would not otherwise have been gained had they not misappropriated or unlawfully incorporated the elements of Me & My Goons, protected by the Sound Recording Copyright and elements of the underlying composition, in the Infringing Work and Infringing Work #2.

67.    Plaintiffs have received no compensation in the form of royalties or otherwise nor credit for the exploitation of the Subject Sound Recording, Infringing Work, and Infringing Work #2, embodying the copyrightable elements protected by the Sound Recording Copyright and original elements of the underlying composition of Me & My Goons.

68.    Upon information and belief, Defendants have and continue to enjoy the financial windfall resulting from their unauthorized use of the copyrightable elements protected by the Sound Recording Copyright and elements of the underlying composition of Me & My Goons, including revenues, profits, and royalties from exploitation of the Subject Sound Recording, Infringing Work and the Infringing Work #2.

69.    The law implies a contract by which Defendants must pay to Plaintiffs the amount by which, in equity and good conscience, Defendants have been unjustly enriched at the expense of the Plaintiffs.

1
2

70.    As a result of the Defendants' unjust enrichment, Plaintiffs have incurred damages in an amount to be determined at trial.

3
4

## **PRAYER FOR RELIEF**

5
6

**WHEREFORE**, Plaintiffs seek judgment against Defendants and each of them, in an amount according to proof as follows:

7
8

1. For a finding that Defendants have directly infringed upon the Plaintiffs' rights to the Sound Recording Copyright under 17 U.S.C. § 501;

9
10

2. For a finding that Defendants have contributorily infringed upon the Plaintiffs' rights to the Sound Recording Copyright under 17 U.S.C. § 501;

11
12

3. For a finding that Defendants have vicariously infringed upon the Plaintiffs' rights to the Sound Recording Copyright under 17 U.S.C. § 501;

13
14
15
16

4. For preliminary and permanent injunctive relief enjoining Defendants, and all persons acting in concert or participation with Defendants, from further infringing Plaintiffs' rights to the Sound Recording Copyright pursuant to 17 U.S.C. § 502;

17
18
19
20
21

5. For an award of actual damages suffered by Plaintiffs as a result of Defendants' unlawful conduct, including all profits attributable to the infringement, in an amount to be proven at trial, pursuant to 17 U.S.C. § 504(b) or in the alternative, for an award of statutory damages pursuant to 17 U.S.C. § 504(c), up to the maximum amount allowable by law for each act of infringement, including enhanced damages for willful infringement;

22
23

6. For an award of actual damages suffered by Plaintiffs as a result of Defendants' unjust enrichment;

24
25

7. For reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

8. For costs of suit incurred herein;

26
27

9. For an award of pre-judgment and post-judgment interest on any monetary award as permitted by law; and

28

10. For such other and further relief as the court deems just and proper.

DATED: February 19, 2025          **MOSLEY AND ASSOCIATES**

By: _Walter Mosley_ _____
Walter Mosley, Esq.
Angel Ransby, Esq.
Attorneys for Plaintiffs

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury in the above matter.

DATED: February 19, 2025          **MOSLEY AND ASSOCIATES**

By: _Walter Mosley_ _____
Walter Mosley, Esq.
Angel Ransby, Esq.
Attorneys for Plaintiffs